# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LAURA GEORGE, MARK GEORGE**, and
**THE TRAINING SENSATION, INC.**,

      Plaintiffs,

v.                                                        No. Civ. 06-685 MCA/WDS

**CAPITOL INDEMNITY CORPORATION**,
**PHILADELPHIA INDEMNITY INSURANCE**
**COMPANY**, and **SCOTTSDALE INSURANCE**
**COMPANY**,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *Motion and Memorandum to Remand* (Doc. No. 8) filed by Plaintiffs Laura George, Mark George, and The Training Sensation, Inc. ("Plaintiffs") on August 21, 2006. Having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court finds that there is good cause for granting Plaintiffs' motion based on the reasons set forth below.

## I.    BACKGROUND

On June 27, 2006, Plaintiffs filed a "Complaint for Reformation of Contract, Breach of Contract, Insurance Bad Faith, Violation of the NM Insurance Code – Insurer, and Violation of the NM Unfair Practices Act" (hereinafter "Complaint") in the Second Judicial District Court, County of Bernalillo, State of New Mexico. The Complaint alleges that Plaintiffs Laura and Mark George, residents of New Mexico, are shareholders and members

of the board of directors of Plaintiff The Training Sensation, Inc., a personal training fitness center incorporated and having its principal offices in New Mexico. Compl. ¶¶ 1-2. Plaintiffs assert that each of the named Defendants issued Plaintiffs different commercial general liability insurance policies. *Id.* ¶¶ 3-5.

Plaintiffs further allege that on August 25, 2005, Richard Ruscetti filed a complaint ("the Ruscetti Complaint") against Plaintiffs. *Id.* ¶ 6. Plaintiffs attached the Ruscetti Complaint to their Complaint. *Id.*, Ex. A. In the Ruscetti Complaint, Richard Ruscetti alleged that he held a 50% interest in The Training Sensation, Inc. *Id.*, Ex. A at ¶¶ 17-19. Richard Ruscetti generally alleged that Plaintiffs wrongfully squeezed him out of his position as Director, Officer, and Employee of The Training Sensation, Inc. *See id.*, Ex. A at ¶ 40. Richard Ruscetti alleged that Plaintiffs attempted to buy him out using a false and misleading evaluation of the book value of the corporation. *Id.*, Ex. A at ¶ 41. The Ruscetti Complaint further stated that Plaintiffs did not follow the Buy-Sell Agreement when determining the value per share of the stock, one method of which was to subtract the total liabilities from the total assets of the corporation and divide the amount by the total number of shares of stock issued and outstanding. *Id.*, Ex. A at ¶¶ 44-45. The Ruscetti Complaint alleged that the actual value of The Training Sensation, Inc., "was in excess of $350,000." *Id.*, Ex. A at ¶ 47. Richard Ruscetti alleged that he was entitled to the full value of his interest in The Training Sensation, Inc., in an amount of at least $130,000, back pay, and punitive damages, among other things. *Id.*, Ex. A at ¶¶ 49-52, 63.

Upon receipt of the Ruscetti Complaint, Plaintiffs made demand upon Defendants for

a defense and indemnity from the claims made against them in the Ruscetti Complaint. Compl. ¶ 8. Defendants denied any obligation to defend and indemnify Plaintiffs. *Id.* ¶ 9. Plaintiffs subsequently brought five state law causes of action against Defendants and requested general and consequential damages, exemplary damages, pre- and post-judgment interest, costs, and attorney's fees. *Id.* ¶¶ 9-27.

It is undisputed that on July 3, 2006, the New Mexico Public Regulation Commission ("NMPRC") accepted service of process on behalf of Defendant Scottsdale. Pls.' Mot. and Mem. to Remand at 2; Def.'s Resp. to Mot. to Remand at 2. Plaintiffs allege that the NMPRC also accepted service of process on behalf of Defendant Capitol Indemnity Corporation ("Defendant Capitol") that same day. Plaintiffs, however, did not file proof of the service of process on Defendant Capitol in state court. *See* Def.'s Resp. to Mot. to Remand, Ex. A.

On August 1, 2006, Defendant Scottsdale filed a Notice of Removal (Doc. No. 1) seeking to remove the case on the basis of diversity of citizenship under 28 U.S.C. § 1332. The Notice of Removal alleges that Plaintiffs are all New Mexico residents and that Defendants are all foreign corporations with principal places of business outside of New Mexico. Further, the Notice stated: "The Plaintiffs' claims for insurance bad faith, punitive damages and attorney fees, indicate that the amount in controversy exceeds the jurisdictional minimum amount set forth in 28 U.S.C. § 1332(a). In addition, the damages alleged in the underlying suit referenced within the Plaintiffs' Complaint are in excess of $75,000.00." Notice of Removal at 2. The notice is silent as to whether any of the other Defendants joined

in the removal or the reason why the other Defendants had not joined.

On August 14, 2006, Defendant Capitol filed a Motion for More Definite Statement (Doc. No. 6) in this Court.

On August 21, 2006, Plaintiffs filed a motion to remand (Doc. No. 8). Plaintiffs assert that Defendant Scottsdale's removal is defective for two reasons: (1) Defendant Scottsdale failed to assert in its Notice of Removal that all Defendants consented to removal; and (2) the Notice of Removal failed to provide any facts to support its assertion that the amount in controversy exceeds $75,000. In its response, Defendant Scottsdale argues that the removal was proper because at the time it filed the Notice of Removal, it was not aware that any of the other Defendants had been served. Defendant Scottsdale also asserts that Plaintiffs' Complaint establishes that the amount in controversy is greater than $75,000.

## II.   DISCUSSION

"A defendant or defendants" desiring removal must file a notice of removal in the district court of the United States for the district and division within which such action is pending. 28 U.S.C. § 1446(a). The notice of removal must contain "a short and plain statement of the grounds for removal," together with a copy of all process, pleadings, and orders served upon such defendant or defendants in the case. *Id.* The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Since removal is entirely a statutory right, the relevant procedures to effect removal must be followed. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). Federal

4

courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The purpose of strictly construing the removal statutes is "to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers." *Cohen v. Hoard*, 696 F.Supp. 564, 565 (D. Kan. 1988) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Generally, all defendants must consent to join in the notice of removal in order for it to be effected. *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) (discussing exception "to the general removal rule under 28 U.S.C. § 1441 and § 1446 which require all defendants to join in the removal petition"). The failure of one defendant to join in the notice is a procedural defect that precludes removal. *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) (petition for removal procedurally defective when co-defendant did not join in petition).[1]

Defendants who have not been served, however, need not join in the notice of removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (general rule that all defendants must join in petition for removal only applies to defendants properly joined and served in action); *Kiro v. Moore*, 229 F.R.D. 228, 230 (D.N.M. 2005)

---

[1] Plaintiffs' motion to remand in this case was filed within 30 days after the filing of the notice of removal and is therefore timely under 28 U.S.C. § 1447(c).

5

("if defendants have not been served, then they need not join in the notice of removal"); *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F.Supp.2d 1213, 1217 (D. Kan. 2005) ("[T]he Tenth Circuit has suggested that remand might be warranted *if all defendants who have been served* fail to join in the notice of removal. . . .") (emphasis added). Nevertheless, when fewer than all of the defendants have joined in a removal action, the removing party has the burden under 28 U.S.C. § 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999); *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir. 1982); *Scheall v. Ingram*, 930 F.Supp. 1448, 1449 (D. Colo. 1996); *see also* 16 James Wm. Moore, Moore's Federal Practice § 107.11(d) (Matthew Bender 3d ed. 2006).

The Notice of Removal in this case is silent as to whether the other co-defendants in this case consented to removal. The notice also does not give any explanation at all as to the absence and non-joinder of the other co-defendants. The Notice of Removal is therefore facially defective for failing to explain why all the other non-joining defendants had not consented to removal. *See Prize Frize*, 167 F.3d at 1266 (notice of removal was facially deficient for failing to explain why all non-joining defendants had not consented to removal); *FastPro Intern., Inc. v. Great Plains Software O.C., Inc.*, 2001 WL 395287 (D. Kan. Apr. 10, 2001) (unpublished decision) ("[A] notice of removal filed by fewer than all defendants is defective if it fails to explain the absence of co-defendants."); *Home Owners Funding Corp. of America v. Allison*, 756 F.Supp. 290, 291 (N.D. Tex. 1991) (same). Because the removal statutes' procedural requirements must be strictly enforced, the case must be

remanded.  *See Price Frize*, 167 F.3d at 1266-67; *Morales v. Safeway Stores, Inc.*, 2002 WL 202367 (N.D. Cal. Jan. 30, 2002) (unpublished opinion) (remanding case based on defect in notice of removal where notice failed to explain absence of one defendant, even though notice explained absence of other co-defendants); *Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F.Supp. 932, 934-35 (D. Md. 1997) (notice of removal that did not contain consent of other defendant or allege ground on which consent was unnecessary was defective and required remand); *Scheall*, 930 F.Supp. at 1449 (remanding case because notice of removal was defective in that it did not explain absence of consent of co-defendants).

Moreover, Defendant Scottsdale is not excused from the unanimity requirement for removal because it has not demonstrated that Defendant Capitol was not served at the time Defendant Scottsdale filed its Notice of Removal.  The record does not conclusively indicate one way or the other whether Defendant Capitol was served prior to August 2, 2006.  Plaintiffs allege in their motion to remand that the Superintendent of Insurance accepted service on behalf of Defendant Capitol on July 3, 2006 and cite to Exhibit A as proof; however, Plaintiffs neglected to actually attach Exhibit A to their motion.  *See* Pls.' Mot. and Mem. to Remand at 1.  The state court record shows that Defendant Capitol entered an appearance on July 24, 2006, in the state court action, indicating that Defendant Capitol may have been served prior to that date.  Plaintiffs nonetheless failed to file proof of service in state court, as required by N.M.R.A. 1-004(L), so the record is not clear as to whether and when Plaintiffs served Defendant Capitol.  Although Plaintiffs should have filed proof of service, it is nevertheless Defendant Scottsdale's burden to prove that it met the removal

7

requirements, including the unanimity requirement. *See Martin*, 251 F.3d at 1290; *Harlow Aircraft Manufacturing, Inc. v. Dayton Machine Tool Co.*, 2005 WL 1153600, 2 (D. Kan. May 16, 2005) (unpublished decision); *Scheall*, 930 F.Supp. at 1449. Defendant Scottsdale, however, has not offered any proof that Defendant Capitol was not served before it filed the Notice of Removal. Instead, Defendant Scottsdale's argument is only that it did not know whether Defendant Capitol had been served at the time it filed its notice.

Defendant Scottsdale argues that because Plaintiffs did not give it notice that they had served Defendant Capitol, Defendant Scottsdale is excused from the removal requirement that it must obtain the consent of the other Defendants to removal. A number of cases found by this Court indicate, however, that even when the removing defendant does not know that the other co-defendants were served, the removing defendant is not excused from the consent requirement or the requirement that a defendant explain why the other co-defendants have not joined in the removal. *See Morales*, 2002 WL 202367 at 1 (that removing defendant was not aware that co-defendant had been served at time removal notice was filed did not excuse removing party from meeting requirement that notice explain absence of all co-defendants); *Toshavik v. Alaska Airlines, Inc.*, 1999 WL 33456492 (D. Alaska Nov. 15, 1999) (unpublished opinion) (where co-defendant did not consent to removal and it was unclear from record whether co-defendant was served, court placed burden on removing defendant to show whether or not co-defendant had been served or court would remand), *decision upheld on reconsideration*, 1999 WL 33946325 (remanding case where co-defendant failed to join in removal and removing defendant did not contend that co-defendant was not served

before filing of notice); *Scheall*, 930 F.Supp. at 1449 (remanding case because notice was defective in that it did not explain absence of consent of co-defendants, even though it was not clear from file when co-defendants were served).

The Court also finds that Defendant Scottsdale has not shown that it exercised reasonable diligence to determine whether or not Defendant Capitol had been served prior to filing the notice. The state court docket shows that counsel for Defendant Capitol entered an appearance in the case on July 24, 2006, more than a week before Defendant Scottsdale filed its Notice of Removal. Def.'s Resp. to Mot. to Remand, Ex. A at 2. The entry of appearance, while not a substitute for proof of service, should have put Defendant Scottsdale on notice that Defendant Capitol may have been served.[2] Moreover, the fact that Defendant Scottsdale knew that it had been served and that proof of its service had not been filed should have further indicated that Defendant Capitol may have similarly been served even though the proof of service had not yet been filed. Although N.M.R.A. 1-004(L) states that the party obtaining service of process shall promptly file proof of service, the rule also states that the "[f]ailure to make proof of service shall not affect the validity of service." Thus, Plaintiffs' failure to file proof of service with the Court did not thereby render any service it made defective. Finally, the Court finds that Defendant Scottsdale could have easily placed a call

---

[2] Defendant Scottsdale cites *Kiro* for the proposition that the filing of an entry of appearance does not relieve a plaintiff from its obligation to execute proper service on the defendant. *See Kiro*, 229 F.R.D. at 231-32. Although the entry of appearance is not proof of service, *Kiro* does not address the more pertinent issue here – Defendant Scottsdale's burden to prove the propriety of removal, including the consent of other Defendants or the reason their consent was unnecessary.

9

to counsel for Defendant Capitol to determine whether Defendant Capitol consented to removal and/or whether or not it had been served. Under these circumstances, the Court concludes that Defendant Scottsdale did not act with reasonable diligence to determine whether service had been rendered and/or whether Defendant Capitol consented to removal, and thus, Defendant Scottsdale is not excused from the unanimity requirement. *Cf. Pianovski v. Laurel Motors, Inc.*, 924 F.Supp. 86, 87 (N.D. Ill. 1996) (phone call to clerk's office and inquiry to docketing clerk were not sufficient to constitute reasonable diligence where removing defendant could have contacted co-defendant to determine whether service had been rendered; thus, failure to comply with unanimity requirement compelled remand).

Although it may have been possible to cure the defect in the removal notice by amending the notice or having Defendant Capitol file a written statement joining in the removal within the thirty-day statutory period, Defendant Scottsdale made no attempt to cure the procedural defects and Defendant Capitol made no attempt to join in the removal within the thirty-day period. Even now, Defendant Capitol has not unambiguously indicated its desire to join in the removal. As Defendant Scottsdale states, counsel for Defendant Capitol has only "indicated that he is not taking a position in regard to the Plaintiffs' Motion." Def.'s Resp. to Mot. to Remand at 3. Failure to object to removal is not sufficient to manifest consent to join in the removal. *See Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (statement in removal notice that other defendants have stated that they did not object to removal was insufficient to show consent to removal); *McShares, Inc. v.*

*Barry*, 979 F.Supp. 1338, 1342-43 (D. Kan. 1997) ("It is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal."); 16 James Wm. Moore, Moore's Federal Practice § 107.11(c) (Matthew Bender 3d ed. 2006) ("[I]t is insufficient for the removal notice to state that the codefendants do not oppose removal."). Nor does filing a motion for a more definite statement in federal court constitute unambiguous consent for removal. *Cf. Landman v. Borough of Bristol*, 896 F.Supp. 406, 408-09 (E.D. Pa. 1995) (filing answer does not satisfy unambiguous expression of consent required for proper removal). Where, as here, the removal notice is facially defective and the deficiencies are uncured within the 30-day statutory period, removal was improper and the case should be remanded to state court. *Prize Frize*, 167 F.3d at 1266-67.

In sum, Defendant Scottsdale has not met its burden of proving that it satisfied the removal requirements. The Notice of Removal is silent as to the reason why Defendant Capitol did not join in the notice. Defendant Scottsdale also did not prove that Defendant Capitol had not been served to excuse it from the unanimity requirement. Furthermore, removal statutes are strictly construed and all doubts resolved in favor of remand. *Fajen,* 683 F.2d at 333. For all these reasons, the Court finds that the Notice of Removal is defective and the case must be remanded.

Because the Court finds that Plaintiffs' case must be remanded because the Notice of Removal is procedurally defective, the Court need not address Plaintiffs' alternate argument that Defendant Scottsdale failed to meet its burden of substantiating the amount-in-controversy. Finally, the Court does not find grounds for awarding attorney fees or costs

associated with the motion to remand. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (Doc. No. 8) is **GRANTED** and this action is hereby **REMANDED** to the Second Judicial District Court, County of Bernalillo, State of New Mexico, each party to bear its own attorney fees and costs.

**SO ORDERED** this 19th day of December, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge